UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR BROWAND,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 2:21-cv-0184-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition, arguing that two of the four claims presented have not been exhausted in the California Supreme Court. ECF No. 9. For the reasons that follow, the motion must be granted.

**I.      Background**

Petitioner was convicted on July 5, 2016 after pleading guilty to 10 counts of child molestation with regard to his daughter and pleading nolo contendre to one count of child molestation with regard to his niece. ECF No. 11-2 at 1-2. He submitted a single post-conviction filing in the California Supreme Court: a petition for review. ECF No. 11-3. The petition for review argued that: (1) the trial court erred in denying petitioner's motion to withdraw his plea; (2) the court of appeals erred in finding that trial counsel's ineffective assistance (in disclosing

1

information to the prosecution that resulted in additional charges and a multi-victim enhancement and in failing to disclose to petitioner information that was relevant to his decision to plead guilty) did not cause prejudice to petitioner; and (3) the court of appeals erred in finding that the prosecution had a due process right to the disclosure of the information provided by petitioner's trial counsel. *Id.* at 2-3.

In the instant petition, petitioner argues that: (1) his trial counsel's ineffective assistance resulted in an unknowing plea; (2) his right against self-incrimination was violated when trial counsel gave the prejudicial information to the prosecution; (3) if trial counsel had provided petitioner with information concerning the credibility of petitioner's niece, petitioner would have been able to make a stronger argument that the counts concerning his niece should be bifurcated from the counts concerning his daughter; and (4) the trial court erroneously denied petitioner's motion to withdraw his guilty plea. ECF No. 1 at 4-5.

**II.     Analysis**

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id*. (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice, allowing the petitioner to return to state court to exhaust the claim and then refile the federal petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Alternatively, the petitioner may ask the federal court to stay its consideration of the petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to

3

1 filing is removed, the date the United States Supreme Court makes a new rule retroactively
2 applicable to cases on collateral review or the date on which the factual predicate of a claim could
3 have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal
4 habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v.*
5 *Walker*, 533 U.S. 167, 181-82 (2001).

6   Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring
7 dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court.
8 *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the
9 petitioner show good cause for failing to exhaust the claims in state court prior to filing the
10 federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant
11 to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the
12 petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. The Ninth Circuit
13 has held that the petitions raising entirely unexhausted claims may also be stayed under the
14 *Rhines* procedure. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

15   Respondent has shown that the second and third issues raised by petitioner here
16 (concerning self-incrimination and bifurcation of the trial court proceedings) have not been
17 presented to the California Supreme Court. ECF No. 9. Petitioner has not contested that fact and
18 has not asked the court for a stay of these proceedings under either *Kelly* or *Rhines* so that he may
19 present the claims to the state high court. Accordingly, the petition contains unexhausted claims
20 and must be dismissed. Petitioner must be given the opportunity to file an amended petition
21 containing only the exhausted claims. *Kelly v. Small*, 315 F.3d 1063, 1069-70 (9th Cir. 2002)
22 (where a federal habeas petition contains both exhausted and unexhausted claims, the court must
23 give the petitioner an opportunity to dismiss the unexhausted claims and proceed on the others).
24 /////
25 /////
26 /////
27 /////
28 /////

### III. Recommendation

Accordingly, it is RECOMMENDED that respondent's April 30, 2021 motion to dismiss (ECF No. 9) be GRANTED and the petition dismissed with leave to amend to file a petition containing only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE