UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR BROWAND, | No. 2:21-cv-00184-JAM-EFB P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel in this petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. His second amended petition was filed on January 5, 2022. ECF No. 23. He has filed a motion to stay the petition pending exhaustion of state court remedies. ECF No. 25. Respondent has filed a statement of non-opposition to the granting of a stay. ECF No. 26.

I.  **Background**

On August 26, 2021, the court issued findings and a recommendation that the court grant respondent's motion to dismiss the petition because it included unexhausted claims. ECF No. 17. The District Judge adopted that recommendation on October 14, 2020, allowing petitioner leave to file an amended petition containing only exhausted claims. ECF No. 19. Petitioner filed an amended petition on November 10, 2021, but the court found that petitioner had not included

1

sufficient factual allegations therein and allowed petitioner additional time to file another amended petition that included supporting facts. ECF Nos. 21, 22. Petitioner filed a second amended petition complying with that order on January 5, 2022. ECF No. 23.

## II.     Analysis

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Where a federal habeas petitioner has failed to exhaust a claim in the state courts, she may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court.

*King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

Petitioner seeks a stay under *Kelly*. ECF No. 25. Respondent does not oppose the stay, but reserves the right to oppose petitioner's future attempt to amend his petition to add newly-exhausted claims on the basis of untimeliness. ECF No. 26. Respondent also requests that the order directing its response to the second amended petition (ECF No. 24) pending the stay be vacated. That request is granted.

### III. Order

As *Kelly* requires no showing of good cause, and as respondent does not oppose the motion for stay, it is hereby ORDERED that:

1. Petitioner's March 2, 2022 motion for a *Kelly* stay (ECF No. 25) is GRANTED, and petitioner shall pursue exhaustion in the California Supreme Court within 30 days of the date of this order;
2. Petitioner shall file a motion to lift the stay and a request to file an amended petition including his newly exhausted claims within 30 days of exhaustion;
3. The order of February 22, 2022 requiring respondent to respond to the second amended petition (ECF No. 24) is hereby VACATED, and the court will issue a new order regarding the response upon the filing of petitioner's third amended petition.

Dated: March 31, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE