UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR BROWAND,<br><br>             Petitioner,<br><br>     v.<br><br>GENA JONES,<br><br>             Respondent. | No.  2:21-cv-00184-DC-EFB (HC)<br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2016 judgment of conviction entered against him in the Shasta County Superior Court based on a negotiated plea deal on charges of lewd acts and a forcible lewd act on a child under the age of 14 years (daughter L.), penetration with a foreign object of a child under 14 years and at least 10 years younger (daughter L.), and a lewd act on a child of 14 or 15 years and at least 10 years younger (niece H.).  He seeks relief on the grounds that the trial court erred:  (1) in denying his motion to withdraw his plea; and (2) in finding he was not prejudiced by ineffective assistance of counsel.   Respondent has filed a motion to unseal and disclose the transcript a state court *Marsden* hearing.  Respondent also requests that a briefing schedule be set. ECF No. 43.  Petitioner has not filed opposition to the motion.

/////

1

Background

*People v. Marsden*, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970) holds that a defendant bringing a motion to substitute new counsel is entitled to an opportunity to state the reasons for his request. On December 8, 2015, petitioner brought a *Marsden* motion in his state court criminal proceedings. He also asked to withdraw his guilty plea on the grounds that his appointed counsel had not adequately investigated the charge of a lewd act against niece H. ECF No. 42-10 at 4. The Shasta County Superior Court conducted an *in camera Marsden* hearing on December 14, 2015. At that hearing, the trial court denied petitioner's motion to substitute counsel. *See* ECF No. 42-10 at 5. The court placed under seal the transcript of the *Marsden* hearing, including its Exhibit A.

In further proceedings in the Shasta County Superior Court, retained counsel was substituted on petitioner's motion on December 30, 2015. ECF No. 42-10 at 5. A probation officer's sentencing report was filed in January 2016. *Id*. Petitioner's retained counsel filed a motion to withdraw the plea on March 7, 2016. *Id*. The trial court conducted an *in camera* hearing on the motion on March 21, 2016, and a second hearing on April 18, 2016. *Id*. At the second hearing, the trial court decided to disclose to the prosecutor an investigative report relating to the credibility of niece H ("Exhibit A"). ECF No. 42-10 at 6. The investigative report is a two page document recounting an interview conducted before petitioner's November 17, 2015 plea.[1] *Id*. at 6-7. The investigative report is also described, and quoted at length, in the opinion of the California Court of Appeal.[2] *Id*. The prosecutor stated that the information in the investigative

---

[1] In what appears to be a typographical error, the opinion of the Court of Appeal states that the investigative interview was "dated November 5, 2014 – approximately *two weeks* before defendant entered his plea." ECF No. 42-10 at 6 (emphasis added). It appears that is should have stated *one year and two weeks*. The trial court docket confirms that the plea was entered on November 17, 2015. Further, page 6 of the Court of Appeal opinion states that the investigative report is dated November 5, 2014. ECF No. 42-10, at 6. Because the record clearly shows that petitioner entered his plea on November 17, 2015, the court construes the record as indicating that the actual date of the investigative interview occurred approximately one year and two weeks before the November 17, 2015 plea.

[2] The opinion of the California Court of Appeal, describing and quoting the investigative report, is accessible on both Westlaw and LexisNexis databases. Both databases indicate that the opinion is unpublished and non-citable according to California Rules of Court 8.1115(b). The court merely notes that the opinion with its detailed description of the investigative report is readily accessible on these public databases.

2

1  report was previously unknown to her. *Id*. at 7.

2  The trial court denied petitioner's motion to withdraw his plea on June 17, 2016. *Id*. at 8.

3  The Court of Appeal affirmed the district court's judgment on a finding that petitioner had not

4  met his burden to demonstrate prejudice. *Id*. at 8, 21. The Court of Appeal also affirmed the

5  district court's April 18, 2016 decision to disclose the investigative report to the prosecutor. *Id*. at

6  19-21.

7  The transcript of the district court's December 14, 2015 *Marsden* hearing has been

8  submitted to this court under seal. *See* ECF No. 42-2 at 3. Respondent now moves the court to

9  unseal and disclose to her the *Marsden* hearing transcript. ECF No. 43.

## Analysis

11  California's Rules of Appellate Procedure require that transcripts of in camera *Marsden*

12  hearings be kept confidential. Cal. App. R. 8.47(b)(1)(A); *see also People v. Knight* (2015) 239

13  Cal. App. 4th 1, 7-8; 190 Cal. Rptr. 3d 364, 370 (criminal defendant claiming ineffectiveness of

14  counsel is effectively self-represented at a *Marsden* hearing and is entitled to use immunity). A

15  *Marsden* hearing transcript may be disclosed to the People by a California reviewing court if the

16  defendant raises a *Marsden* issue or a *Marsden*-related issue on appeal. Cal. App. R. 8.47(b)(2).

17  It is unclear from the Court of Appeal's docket whether the *Marsden* hearing transcript was

18  disclosed to the People in petitioner's state court appeal.[3] Disclosures may be made pursuant to

19  an appropriate protective order. *See Bittaker v. Woodford*, 331 F.3d 715, 727-728 (9th Cir. 2003).

20  Unsealing the *Marsden* hearing transcript is a different question. Rule 8.47(b)(3) provides

21  procedures and conditions for unsealing redacted or unredacted versions of *Marsden* hearing

22  transcripts. *See Uvalles v. Horel*, No. C 05-2779 RMW (PR), 2010 WL 3742664, at *7 n.5 (N.D.

23  Cal. Sept. 16, 2010) (taking note of California Superior Court order granting petitioner's motion

24  to unseal his *Marsden* hearing transcript). An appellate court must maintain a *Marsden* hearing

---

[3] The appellate court docket is available on the California Courts' website at: https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2150660&doc_no=C082561&request_token=NiIwLSEnTkw%2BWyApSCJNVExIMDg6UTxbKyI%2BUzxTICAgCg%3D%3D.

3

1   transcript under seal if the requirements of Rule 8.47 are not met.  *See People v. Avila* (2006) 38
2   Cal. 4th 491, 608, 43 Cal. Rptr. 3d 1, 96, 133 P.3d 1076, 1156 (denying defendant's motion to
3   unseal transcript of hearing on co-defendant's *Marsden* motion).

4         The California Court of Appeal's docket does make clear that the *Marsden* hearing
5   transcript remained sealed and was transmitted to this court under seal on August 9, 2023.  *See*
6   *also* ECF No. 41 (ordering respondent to request the California Court of Appeal to transmit
7   sealed *Marsden* hearing transcript); ECF No. 42-2 at 3 (California Court of Appeals reporter's
8   transcript indicating that *Marsden* hearing transcript may not be examined without a court order).
9   If a *Marsden* hearing transcript was not already unsealed by a California reviewing court, a
10  federal court may consider whether to unseal it.  *See Onwuka v. St. Andre*, No. 8:22-cv-00287-
11  FWS-JC, 2023 WL 7279417, at *4 (C.D. Cal. Feb. 24, 2023) (court rejected petitioner's
12  arguments to unseal *Marsden* hearing transcripts and continued to maintain *Marsden* hearing
13  transcripts under seal; petitioner's contentions regarding the sealed transcripts would be taken
14  into consideration by the court); *see also Wilkins v. Macomber*, No. 16-cv-00221-SI, 2022 WL
15  943369, at *1 (N.D. Cal. Mar. 29, 2022) (denying respondent's motion to file under seal because
16  the California appellate court docket showed that respondent had filed a motion to unseal his
17  *Marsden* hearing transcript and that court is presumed to have granted the unsealing motion
18  because "no opposition was filed and the rules of court do not necessarily reflect that an order
19  granting such a request will issue" (citation omitted)).

20        Judges of this court have required petitioners to respond to requests to unseal *Marsden*
21  hearing transcripts.  *Garza v. Phillips*, No. 1:23-cv-01723-JLT-SKO-HC, 2024 WL 1521377, at
22  *1 (E.D. Cal. Apr. 8, 2024) (directing petitioner to declare his position whether *Marsden* hearing
23  transcript should be unsealed); *Thompson v. Bird*, No. 2:22-cv-1196 TLN DB P, 2023 WL
24  2993014, at *1 (E.D. Cal. Apr. 18, 2023) (ordering petitioner to provide response whether
25  *Marsden* hearing transcript should be filed on the public docket and to provide reasons if
26  petitioner believes the transcript should remain under seal).  Petitioner's response will be
27  considered but is not solely determinative.  *See Onwuka*, 2023 WL 7279417, at *4; *Johnson v.*
28  *Baughman*, No. 2:16-cv-01362-JKS, 2018 WL 1726632, at *5 n.6 (E.D. Cal. Apr. 10, 2018)

(*Marsden* hearing transcript was initially filed in federal district court under seal, then unsealed by stipulation of the parties).

Accordingly, petitioner will be required to state his position as to both disclosure and unsealing of the *Marsden* hearing transcript including its exhibits.  First, petitioner must state whether the *Marsden* hearing transcript including its exhibits should be disclosed to respondent, and petitioner must also address whether any such disclosure should be made pursuant to an appropriate protective order.  Second, petitioner must state his position whether the *Marsden* hearing transcript including its exhibits should be unsealed on this court's public docket.  If petitioner proposes that any portions of the *Marsden* hearing transcript should be redacted, he must specify and explain why.

ORDER

For the reasons set forth here:

1) Petitioner is ORDERED to respond to respondent's motion to unseal and disclose the December 14, 2015 *Marsden* hearing transcript, at ECF No. 43.

2) Petitioner shall file his response within 21 days of entry of this Order.

3) Petitioner's response shall address:

   A) Whether the December 14, 2015 *Marsden* hearing transcript including its exhibits should be disclosed to respondent and whether any such disclosure should require a protective order, together with reasons for petitioner's position.

   B) Whether the December 14, 2015 *Marsden* hearing transcript including its exhibits should be unsealed and placed on the public docket, and whether any portions of the publicly docketed *Marsden* hearing transcript should be redacted, together with reasons for petitioner's position.

4) Respondent shall file her reply, if any, no later than 7 days from service of Petitioner's response.

Dated: January 23, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE